IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAURIE B. JOHNS and JOSHUA R.       :
JOHNS, individually and on behalf of a
class of persons similarly situated,       :

     Plaintiffs,                              :

vs.                                                     :         CA 14-0254-KD-C

WELLS FARGO BANK, N.A.,             :

     Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and

recommendation, pursuant to 28 U.S.C. § 636(b), on the complaint (Doc. 1), Wells Fargo

Bank N.A.'s (hereinafter, "Wells Fargo") motion to dismiss (Doc. 14), the plaintiffs'

response in opposition (Doc. 21), and the moving defendant's reply (Doc. 22). Upon

consideration of the foregoing pleadings, the Magistrate Judge recommends that the

Court **DENY IN PART** and **GRANT IN PART** the defendant's motion to dismiss (Doc.

14).

## FINDINGS OF FACT

Joshua and Laurie Johns obtained a mortgage loan in the amount of $101,128.00

from Pinnacle Financial Corporation on or about December 1, 2004. (Doc. 1, ¶¶ 9 & 10.)

The loan was secured by the Johns' home. (*Id.* at ¶ 10.) Subsequently, servicing of the

plaintiffs' loan was transferred to Washington Mutual and after such transfer the Johns

failed to make several mortgage payments and filed for Chapter 13 bankruptcy

protection on October 8, 2005. (*Id.* at ¶¶ 11 & 12.) While the Johns' bankruptcy case was

pending, servicing of the loan was transferred to Wells Fargo on or about February 16,

2007. (*Id.* at ¶ 13.) At the time of the transfer, the "loan was in default or considered to

be in default by Washington Mutual and Wells Fargo." (*Id.* at ¶ 14.)

On February 10, 2011, the plaintiffs received a discharge in their bankruptcy case.

(*Id.* at ¶ 15.) Both before and after the discharge, a dispute arose between the parties

regarding the status of the Johns' mortgage account. (*Id.* at ¶ 16.) Indeed, on March 2,

2011, Wells Fargo foreclosed on the plaintiffs' home and filed an ejectment suit in the

Circuit Court of Baldwin County, Alabama. (*Id.* at ¶ 17.) Plaintiffs filed counterclaims

and third-party claims and the case was ultimately resolved—all claims being

dismissed with prejudice—on or about October 10, 2013. (*Id.* at ¶¶ 18 & 19.)

Though all claims in the state case were dismissed with prejudice, Wells Fargo

continued to dun the Johns for payments they claim are not owing, making demands

for payment on January 16, 2014 (demand of $38,406.13), February 18, 2014 (demand for

$39,247.26), and March 17, 2014 (demand for $40,088.39). (*Id.* at ¶¶ 20 & 21.) These

payment demands/statements also falsely stated plaintiffs' home had been referred for

foreclosure and misrepresented "the legal status of the debt in [that] they imply money

is owed." (*Id.* at ¶ 23.)

> 24.    Each month Plaintiffs continue[d] to receive statements demanding payment and according to Wells Fargo's March 17th statement the Plaintiffs owe an unpaid principal balance of $93,418.46.

> 25.    The statements also request updated information such as mailing address, email address, home and work telephone numbers and names of co-borrowers without making proper FDCPA disclosure about the intended use of this information in violation of 15 U.S.C. § 1692e(10).

> 26.    The FDCPA, at 15 U.S.C. § 1692e(11), requires that a debt collector state in every collection notice the "[] debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

> 27.    This language is not found in any of the dunning statements mentioned above.

(*Id.* at ¶¶ 24-27.)

Count One of the complaint asserts violations of the Fair Debt Collection

Practices Act ("FDCPA") against Wells Fargo. (*See id*. at ¶¶ 29-33.)

> 31.     Defendant Wells Fargo is a "debt collector" as defined by the
> FDCPA, 15 U.S.C. § 1692a(6).
>
> 32.     Wells Fargo has violated the FDCPA in connection with its
> attempts to collect the account from the Plaintiffs. Wells Fargo's violations
> include, but are not limited to:
>
> > a.     failing to [c]omply with the requirements of 15 U.S.C.
> > § 1692e(2);
> >
> > b.     threatening to take action that cannot be legally taken
> > in violation of 15 U.S.C. § 1692e(5);
> >
> > c.     [a]ttempting to obtain information in violation of 15
> > U.S.C. § 1692e(10); and
> >
> > d.     failing to [c]omply with the requirements of 15 U.S.C.
> > § 1692e(11)[.]
>
> [33].    As a result of its violations of the FDCPA, Wells Fargo is
> liable to Plaintiffs for statutory damages, plus costs and attorney's fees.

(*Id.* at ¶¶ 31-33.)

Wells Fargo filed its motion to dismiss on July 29, 2014, therein contending that

the complaint is due to be dismissed in its entirety in light of the plaintiffs' failure to

allege sufficient facts to support the conclusion that defendant is a "debt collector"

subject to the FDCPA. (Doc. 14, at 2-3.) Alternatively, Wells Fargo contends that the

plaintiffs have failed to state claims under 15 U.S.C. §§ 1692e(10) & (11). (*Id.* at 3 & 4.)

In response, the Johns insist that their complaint allegation that defendant is a

mortgage loan servicer is sufficient to establish that Wells Fargo is a debt collector since

"'servicing' means receiving any scheduled periodic payments from a borrower

pursuant to the terms of any loan," 12 U.S.C. § 2605(i)(3) and the FDCPA applies where,

as here, "the loan being serviced was in default at the time servicing was assumed."

(Doc. 21, at 4 & 5.) In addition, plaintiffs stake the position that since Wells Fargo is a

loan servicer who collects payments on debts, and it did not insert in any of its

communications with the plaintiffs that "the communication is from a debt collector," a

cause of action has been stated under 15 U.S.C. § 1692e(11). (*See id.* at 5-6.) And, finally,

plaintiffs point out that § 1692e(10) prohibits "'the use of any false representation or

deceptive means to collect or attempt to collect any debt <u>or to obtain information</u>

<u>concerning a consumer</u>[,]'" (*id.* at 5, quoting 15 U.S.C. § 1692e(10) (emphasis added)),

and contend Wells Fargo engaged in a deceptive act, as alleged in the complaint, by

requesting "location information . . . without informing them that it was acting as a debt

collector or that the information will be used for that purpose." (*Id.* at 6.) Thus, plaintiffs

contend that have stated a cause of action under § 1692e(10). (*See id.*)

In reply, Wells Fargo contends that its failure to fall within the exclusion set forth

in § 1692a(6)(F)(iii) "does not eliminate the initial requirements for a 'debt collector' set

out in the first sentence of § 1692a(6)." (Doc. 22, at 1 & 2.)

> Plaintiffs' allegation that Wells Fargo assumed servicing their mortgage at
> a time it was in default means only that Wells Fargo allegedly does not fall
> within the "not in default" exception to the debt collector definition.
> Plaintiffs do not allege that the "principal purpose" of Wells Fargo's
> business is the collection of debts (first category) or that it regularly
> collects or attempts to collect debts owed to another (second category).
>
> In the absence of factual allegations showing that the principal
> business of Wells Fargo is the collection of debts or that it regularly
> collects or attempts to collect the debts of others, defendant's motion to
> dismiss should be granted.

(*Id.* at 2-3.) Defendant also alternatively maintains that plaintiffs have not stated a claim

under § 1692e(10) because the relevant allegation in the complaint (*see* Doc. 1, at ¶ 25

("These statements also requested updated information such as mailing address, e-mail

address, home and work telephone numbers and names of co-borrowers without

making proper FDCPA disclosures about the intended use of this information in

violation of 15 U.S.C. § 1692e(10)."), simply does not describe any false representations

or deceptive means as required by § 1692e(10). (Doc. 22, at 3; *see also id.* at 3-4 ("The

subsection does not contain any requirement regarding notice about intended use of the

information requested. Plaintiffs are reading something into the subsection that does

not exist.").)  Finally, Wells Fargo contends that § 1692e(11) only requires the statement

contained in ¶ 26 of the complaint in the debt collector's initial written or oral

communication with the debtor and nowhere do the plaintiffs "contend that the

monthly statements complained of were the initial communications from Wells Fargo."

(*Id.* at 4.)

## CONCLUSIONS OF LAW

### A.      Motion to Dismiss Standard.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant

may move to dismiss a complaint on the basis that the plaintiff has failed to state a

claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6)

motion questions the legal sufficiency of a complaint (or portions of a complaint);

therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that

all the factual allegations set forth in the complaint are true. *See, e.g., United States v.*

*Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*,

914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed

in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593,

598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

Rule 8(a)(2) generally sets the benchmark for determining whether a complaint's

allegations are sufficient to survive a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S.

662, 677-678 & 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Under Federal Rule of

Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the

claim showing that the pleader is entitled to relief.' As the Court held in *Twombly*, . . .

the pleading standard Rule 8 announces does not require 'detailed factual allegations,'

but it demands more than an unadorned, the defendant-unlawfully-harmed-me

accusation."). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Id.* at 678, 129 S.Ct. at 1949,

quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965, 167

L.Ed.2d 929 (2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.*, quoting *Twombly*, 550 U.S. at 557, 127 S.Ct.

at 1955.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim that has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief.

*Id*. at 678-679, 129 S.Ct. at 1949-1950 (internal citations and quotation marks omitted); *see*

*also id*. 680, 129 S.Ct. at 1951 (a plaintiff must nudge his claims "'across the line from

conceivable to plausible.'"); *see Speaker v. U.S. Dep't of Health & Human Services Centers*

*for Disease Control & Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010) ("[G]iven the

pleading standards announced in *Twombly* and *Iqbal*, [plaintiff] must do more than

recite [] statutory elements in conclusory fashion. Rather, his allegations must proffer

enough factual content to 'raise a right to belief above the speculative level.'");

*Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009) ("Although it must

accept well-pled facts as true, the court is not required to accept a plaintiff's legal

conclusions. In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable

inferences in [p]laintiff's favor, but we are not required to draw plaintiff's inference.

Similarly, unwarranted deductions of fact in a complaint are not admitted as true for

the purpose of testing the sufficiency of plaintiff's allegations. A complaint may be

dismissed if the facts as pled do not state a claim for relief that is plausible on its face."

(internal citations and quotation marks omitted)), *abrogated on other grounds as stated in*

*Mohamad v. Palestinian Auth.,* ___ U.S. ___, 132 S.Ct. 1702, 182 L.Ed.2d 720 (2012).

**B.      Have Plaintiffs Sufficiently Alleged that Wells Fargo is a "Debt**

**Collector"**? "[I]n order to state a plausible FDCPA claim under § 1692e, a plaintiff must

allege, among other things, (1) that the defendant is a 'debt collector' and (2) that the

challenged conduct is related to debt collection." *Reese v. Ellis, Painter, Ratterree &*

*Adams, LLP,* 678 F.3d 1211, 1216 (11th Cir. 2012); *see also Prickett v. BAC Home Loans*, 946

F.Supp.2d 1236, 1248 (N.D. Ala. 2013) ("To state a claim under the FDCPA, a plaintiff

must establish, among other things, that the defendant is a 'debt collector.'").

Accordingly, Wells Fargo is correct that if plaintiffs have failed to allege facts

establishing that it is a debt collector under the FDCPA, then their complaint must be

dismissed and there is no need for this Court to reach its alternative § 1692e(10) and §

1692e(11) arguments (*see* Doc. 22, at 3 ("The Court does not need to reach this issue if it

grants the motion to dismiss for failure to allege facts that would qualify defendant as a

'debt collector' under the FDCPA.")). *Sharke v. Credit Protection Depot, Inc.,* 2013 WL 1810824, *4 (M.D. Fla. Apr. 29, 2013) ("Whether Defendant CPD is a 'debt collector,' and thus subject to the requirements of the FDCPA, is the dispositive issue before the Court.").

The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The terms does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F)(iii). "'The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" *Comer v. J.P. Morgan Chase Bank, N.A.,* 2011 WL 5878400, *2 (M.D. Ga. Nov. 23, 2011), quoting *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985) (other citation omitted); *see also Oliver v. Ocwen Loan Services, LLC,* 2013 WL 210619, *3 (W.D. Wash. Jan. 18, 2013) ("[T]he legislative history indicates that 'mortgage servicer companies and others who service outstanding debts for others, [are not debt collectors] so long as the debts were *not in default when taken for servicing.*'" (emphasis in original)).

In this case, the Johns allege that servicing of their loan was transferred to the defendant on or about February 16, 2007—while their bankruptcy petition was pending—at a time when their loan was in default or considered to be in default by Washington Mutual and Wells Fargo. (Doc. 1, at ¶¶ 13-14.) The Magistrate Judge

recommends that this Court find that these allegations are sufficient to establish that Wells Fargo is a "debt collector" under the FDCPA for purposes of this Court's Rule 12(b)(6) review. *Compare, e.g., Justice v. Ocwen Loan Servicing, LLC,* 2014 WL 526143, *4 (S.D. Ohio Feb. 7, 2014) ("[I]f Ocwen acquired the servicing for the Loans before they were in default, then it is not a debt collector under the FDCPA. But if Ocwen acquired the servicing for the Loans after they were in default, it is a debt collector under the FDCPA."); *Yarney v. Ocwen Loan Servicing, LLC,* 929 F.Supp.2d 569, 575 (W.D. Va. 2013) ("At the time Ocwen became the servicer on Plaintiff's home loan, the loan was already in default. Therefore, Ocwen is a debt collector seeking to collect an alleged debt for the purposes of FDCPA liability in this case."); *Comer, supra,* at *3 ("Chase, as a mortgage servicing company, is not a debt collector unless Comer's loan was in default at the time Chase took over the servicing."); *Parker v. BAC Home Loans Servicing LP,* 831 F.Supp.2d 88, 93 (D.D.C. 2011) ("[I]f BAC was handling the loan before it went into default, it is not a debt collector in this case under the Act."); *Portley v. Litton Loan Servicing LP,* 2010 WL 1404610, *4 (E.D. Pa. Apr. 5, 2010) ("Because Plaintiff's mortgage loan was already in default at the time Defendant obtained the assignment, Defendant is a 'debt collector' for the purpose of the FDCPA."); *Castrillo v. American Home Mortgage Servicing, Inc.,* 2010 WL 1424398, *5 (E.D. La. Apr. 5, 2010) ("[A]n 'exclusion' to the general definition of a debt collector applies to any person who attempts to collect a debt that was not in default at the time it was 'obtained.' AHMSI obtained its servicing rights in Castrillo's mortgage loan in April 2008, after Castrillo's loan was in default, and therefore AHMSI is not excluded from the general definition of a debt collector by § 1692a(6)(F)(iii)."), *reconsideration denied,* 2010 WL 1838061 (E.D. La. May 5, 2010); and *Martin v. Select Portfolio Serving Holding Corp.,* 2008 WL 618788, *4 (S.D. Ohio Mar. 3, 2008) ("A servicing company is subject to the FDCPA [] if the loan was in default at the time the

9

servicing company acquired the loan account.") *with, e.g., Loveless v. Bank of America, N.A.,* 2014 WL 4437576, *9 (M.D. Pa. Sept. 9, 2014) ("I conclude that the plaintiffs have alleged sufficient facts from which it can reasonably be inferred that the mortgage was in default at the time of the assignment, and, as such, the defendants fall within the definition of debt collectors."); *Prickett, supra,* 946 F.Supp.2d at 1249 ("The import of the decision in *Muniz,* to which this Court agrees, is that the relevant test of whether an entity is a debt collector under the FDCPA is whether the statutory definition applies, not whether the entity has ever stated in a document that it is a debt collector. Thus, ***to survive a motion to dismiss, a complaint must allege facts demonstrating that the defendant obtained the debt after the plaintiff was in default.***" (most emphasis supplied)); and *Owens v. JP Morgan Chase Bank,* 2013 WL 2033149, *4 (W.D. Pa. May 14, 2013) ("Plaintiffs have failed to adequately allege that the mortgage was in default at the time RCS obtained the servicing rights; therefore, their claim that RCS violated the FDCPA is dismissed."). In other words, because Wells Fargo "does not fall within any exception created by § 1692a(6)(F), it falls within the FDCPA's definition of 'debt collector' and is subject to the substantive provisions of the Act." *Memmott v. OneWest Bank, FSB,* 2011 WL 1560985, *7 (D. Or. Feb. 9, 2011), *report and recommendation adopted as modified on other grounds,* 2011 WL 1559298 (D. Or. Apr. 25, 2011). Stated differently one more time, a party who acquires a debt after the debt is already in default, as alleged in the complaint here (or, at least, as can be inferred from the complaint allegations), "becomes a 'debt collector' under the statute." *Deutsche Bank Trust Co. Americas v. Garst,* 989 F.Supp.2d 1194, 1201 (N.D. Ala. 2013); *see also Federal Trade Comm'n v. Check Investors, Inc.,* 502 F.3d 159, 173 (3rd Cir. 2007) ("In *Pollice*, we relied on [§ 1692a(6)(F)(iii)] . . . to hold that one attempting to collect a debt is a 'debt collector'

under the FDCPA if the debt in question was in default when acquired."), *cert. denied,*

555 U.S. 1011, 129 S.Ct. 569, 172 L.Ed.2d 429 (2008).[1]

Defendant's contention that its failure to fall within the exclusion set forth in §

1692a(6)(F)(iii) "does not eliminate the initial requirement for a 'debt collector' set out in

the first sentence of 1692a(6)[,]" (Doc. 22, at 1 & 2) should, as just indicated, be rejected.

Not only is this argument contrary to the numerous cases previously cited in this

decision, it is also contrary to the Sixth Circuit's holding in *Bridge v. Ocwen Federal Bank,*

*FSB,* 681 F.3d 355 (2012) that "***the definition of debt collector pursuant to §***

***1692a(6)(F)(iii) includes*** any non-originating debt holder that either acquired a debt in

default or has treated the debt as if it were in default at the time of acquisition." *Id.* at

362 (emphasis supplied); *see also id.* at 359 ("If an entity which acquires a debt and seeks

to collect it cannot be both a creditor and a debt collector, can it be neither? We answer

no. To allow such an entity to define itself out of either category would mean that the

intended protection of the FDCPA is unavailable. Both the statutory language and

legislative history of the FDCPA establish that such an entity is either a creditor or a

debt collector and its collection activities are covered under the FDCPA accordingly.

***The distinction between a creditor and a debt collector lies precisely in the language of***

***§ 1692a(6)(F)(iii).*** For an entity that did not originate the debt in question but acquired it

and attempts to collect on it, that entity is either a creditor or a debt collector depending

on the default status of the debt at the time it was acquired. The same is true of a loan

---

[1]     The undersigned disagrees with the defendant that the Ninth Circuit's analysis in *Schlegel v. Wells Fargo Bank, NA,* 720 F.3d 1204 (2013) should control disposition of this matter. Indeed, the *Schlegel* case is inapposite inasmuch as the Ninth Circuit noted parenthetically that none of the subsections set forth in § 1692a(6)(A)-(F) were relevant, 720 F.3d at 1208 n.3, and there can be no question but that § 1692a(6)(F)(iii) is relevant here in the sense that Wells Fargo cannot fall within this exclusion and, as a consequence, falls within the FDCPA's definition of "debt collector."

servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred." (emphasis supplied)); *F.T.C. v. Check Investors, Inc., supra,* 502 F.3d at 173 ("Congress has unambiguously directed our focus to the time the debt was acquired in determining whether one is acting as a creditor or debt collector under the FDCPA."). The undersigned recommends that this Court follow the reasoning in *Bridge, supra,* to reject the defendant's "first sentence of § 1692a(6)" argument inasmuch as it is clear that Wells Fargo must be either a creditor or debt collector—it cannot be neither—and, in light of the complaint allegations that defendant began servicing the loan in February of 2007 after it was in default, the defendant was decidedly a "debt collector" under the FDCPA. Accordingly, dismissal of the plaintiffs' complaint is not warranted.

   **C.     Have Plaintiffs Sufficiently Alleged Claims pursuant to 15 U.S.C. §
1692e(10) and § 1692e(11)?** Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* "Under § 1692e(10), 'mere deception, intentional or unintentional, to collect or attempt to collect any debt is sufficient to constitute a violation.'" *Sparks v. Phillips & Cohen Associates, Ltd.,* 641 F.Supp.2d 1234, 1248 (S.D. Ala. 2008) (citation and internal ellipsis omitted).

   Wells Fargo contends that plaintiffs have not stated a claim under § 1692e(10) because the relevant allegation in the complaint (*see* Doc. 1, at ¶ 25 ("These statements also requested updated information such as mailing address, e-mail address, home and work telephone numbers and names of co-borrowers without making proper FDCPA disclosures about the intended use of this information in violation of 15 U.S.C. § 1692e(10)."), simply does not describe any false representations or deceptive means as required by § 1692e(10). (Doc. 22, at 3.) However, this argument ignores the plaintiffs'

significant complaint allegations that the payment demands/statements sent to them on January 16, 2014, February 18, 2014, and March 17, 2014 falsely stated plaintiffs' home had been referred for foreclosure and "misrepresented the legal status of the debt in [that] they imply money is owed." (Doc. 1, at ¶ 23; *see also id.* at ¶ 24 ("Each month Plaintiffs continue[d] to receive statements demanding payment and according to Wells Fargo's March 17th statement the Plaintiffs owe an unpaid balance of $93,418.46."); *compare id. with* Doc. 13, Exhibits A-C (mortgage statements).) In other words, regardless of whether ¶ 25 of the complaint describes false representations or deceptive means, paragraph 23 decidedly does describe false representations or deceptive means, as required by § 1692e(10), which—in the undersigned's opinion—would lead the "least sophisticated consumer" to believe that his/her/or their assets were endangered. *Compare Battle v. Gladstone Law Group, P.A.,* 951 F.Supp.2d 1310, 1315 (S.D. Fla. 2013) ("The standard for evaluating violations of the FDCPA is not whether the individual plaintiff was confused or deceived but whether 'the least sophisticated consumer[2] would be confused or deceived' by Defendants' actions." (footnote added)) and *Sparks, supra,* at 1248 ("For purposes of a § 1692e claim, '[t]he question is not whether [plaintiff] was deceived, but whether the "least sophisticated consumer" would have been deceived.'") *with Johnstone v. Aldridge Connors, LLP,* 2013 WL 6086049, *3 (S.D. Fla. Nov. 20, 2013) ("Plaintiff reiterates that the Notice falsely claims that the amount of the debt was stated in the foreclosure complaint, misstates the name of the creditor, and incorrectly implies that there is a writing requirement under 1692g(a)(3). . . . The Court

---

[2]     The Eleventh Circuit evaluates FDCPA claims under the "least sophisticated consumer" standard. *Ponce v. BCA Financial Services, Inc.,* 467 Fed.Appx. 806, 808 (11th Cir. Feb. 14, 2012); *see also Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the "least sophisticated consumer" standard from Federal Trade Commission Act cases to evaluate cases under the FDCPA).

finds that these allegations collectively establish potential violations of the FDCPA which could be deceptive to the least sophisticated consumer.") and *In re Cambron*, 2007 WL 4287376, *7 (M.D. Ala. Dec. 5, 2007) ("[O]ne need not threaten anything to constitute an e(10) violation; mere deception, intentional or unintentional, 'to collect or attempt to collect any debt *or* to obtain information concerning a consumer' is sufficient to constitute a violation. For purposes of argument, the court can assume, even though the letter did not ask the Cambrons to furnish any information about assets, but only asked for payment, that MDS's sole purpose in sending the letters was merely to obtain information about the Cambrons' assets in order to assess their likelihood of voluntary repayment, and consequently whether more phone calls and other non-legal actions were necessary. Their purpose is irrelevant-the language of the letter would still lead 'the least sophisticated consumer' to believe that their assets were endangered due to some type of impending collection action."). Thus, the undersigned **RECOMMENDS** that the Court find that plaintiffs have stated a claim under 15 U.S.C. § 1692e(10).

Section 1692e(11) proscribes "[t]he failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, ***and*** the failure to disclose in ***subsequent communications*** that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." *Id.* (emphasis supplied); *see also Nicholas v. Nationwide Credit, Inc.,* 2010 WL 503071, *3 (S.D. Fla. Feb. 8, 2010) ("In an initial communication with a consumer, a debt collector must disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. In any subsequent communications, the debt collector must disclose that the communication is from a debt collector." (internal citations and quotation marks omitted)).

14

In their complaint, plaintiffs allege that § 1692e(11) "requires that a debt collector state in every collection notice th[at] 'the debt collector is attempting to collect a debt and that any information will be used for that purpose[,]'" and that such language is not found in "any of the dunning statements" sent to them in January through March of 2014. (Doc. 1, at ¶¶ 26-27; *see also id.* at ¶ 21.) As Wells Fargo correctly points out (*see* Doc. 14, at 4; Doc. 22, at 4), "only the initial communication must disclose it is from a debt collector *and* the debt collector is attempting to collect a debt [and that any information obtained will be used for that purpose,]" *Acosta v. Campbell*, 2006 WL 146208, *14 (M.D. Fla. Jan. 18, 2006) (emphasis in original), and though the complaint allegations direct themselves to this portion of § 1692e(11) nowhere in the complaint do the plaintiffs identify any of the monthly statements referenced therein as the initial communication from the defendant (*see* Doc. 1, at ¶¶ 21 & 26-27). Accordingly, the undersigned agrees with Wells Fargo that plaintiffs have failed to allege an "initial communication" violation of § 1692e(11). And while the plaintiffs correctly note in their response in opposition (Doc. 21, at 6) that § 1692e(11) also requires that each and every communication from a debt collector identify that the communication is from a debt collector, *see* 15 U.S.C. § 1692e(11), and the mortgage statements sent to them do not state they are from a debt collector (*compare* Doc. 21, at 6 *with* Doc. 13, Exhibits A-C), the undersigned need agree with Wells Fargo that this type violation of § 1692e(11) is not alleged in the complaint (*compare* Doc. 22, at 4 *with* Doc. 1, at ¶¶ 21 & 26-27). Accordingly, the undersigned **RECOMMENDS** that plaintiffs' § 1692e(11) claim, as stated in the complaint, be **DISMISSED,** but that plaintiffs—upon proper motion—be extended leave to amend their complaint to properly allege a violation of § 1692e(11), as referenced in their response in opposition (*see* Doc. 21, at 6). *See* Fed.R.Civ.P. 15(a)(2)

("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

## CONCLUSION

Based upon the foregoing, the Magistrate Judge recommends that Wells Fargo's motion to dismiss (Doc. 14) be **DENIED IN PART** and **GRANTED IN PART**, as more fully explained in the body of this decision.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 6th day of November, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

16