UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LAURIE B. JOHNS and JOSHUA R. JOHNS, individually and on behalf of a class of persons similarly situated,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**WELLS FARGO BANK, N.A.,** )<br>)<br>**Defendant.** )<br>) | **Civil Action No. 14-0254-KD-C** |

## ORDER

This action is before the Court on defendant Wells Fargo Bank N.A.'s motion for judgment on the pleadings and memorandum of law in support (which the Court has converted to a motion for summary judgment), plaintiffs Laurie and Joshua Johns' response, Wells Fargo's reply, and the parties' supplemental briefs on motion for summary judgment (docs. 49, 50, 70, 73, 76, 78-80).

On December 16, 2015, a hearing was held on the motion. Upon consideration, and for the reasons set forth herein and on the record, Wells Fargo's motion for summary judgment is **GRANTED**.

The action is also before the Court on the Plaintiffs' objection and motion to exclude evidence submitted by Wells Fargo in support of its reply brief (doc. 81) and the Johns' motion to strike certain exhibits submitted by Wells Fargo with its answer (doc. 53). Upon consideration, and for the reasons set forth herein, these motions are **DENIED**.

I. **Factual and procedural background**

In 2004, the Johns executed a mortgage, secured by their home, to Pinnacle Financial Corporation. The loan was a "VA loan" that was insured by Government National Mortgage Association (Ginnie Mae). Initially, Pinnacle serviced the loan. In February 2005, servicing was transferred to Washington Mutual.  In October 2005, the Johns filed a Chapter 13 bankruptcy. At that time, they had failed to make several mortgage payments.  According to the terms of the loan, payment was due on the 1st day of each month (doc. 72-2, p. 1, Loan ("3. Payments. (A) I will make my monthly payment on the 1st day of each month . . ."). The loan also required a late charge for payments not received "by the end of 15 calendar days after the date it is due." (*Id*., p. 2)  As to default, the loan provided as follows: "(B) If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." (*Id*.).

Washington Mutual filed a motion for relief from the bankruptcy stay in order to proceed with foreclosure.  On November 1, 2006, the Bankruptcy Court entered a conditional order to deny the motion and added the post-petition arrearage to Washington Mutual's claim.  The Johns remitted their payment on November 13, 2006 (doc. 50, p. 3).

During the bankruptcy, the Federal Deposit Insurance Corporation placed Washington Mutual in receivership and the loan servicing was transferred to Well Fargo. According to the Johns, the transfer of servicing occurred on or about December 1, 2006, and at that time their loan was in default.[1]  Wells Fargo agrees that servicing of the loan was transferred on December

---

[1] In their amended complaint, the Johns alleged that the servicing of their loan was transferred on or about February 16, 2007 (doc. 46, p. 3-4).  However, in their response to the motion for judgment on the pleadings, the Johns offer in their "Statement of Undisputed Facts", that the servicing was transferred on or about December 1, 2006 (doc. 73, p. 2).

1, 2006.[2]  Wells Fargo denies that the loan was in default or considered to be in default at time of the servicing transfer (doc. 48, p. 4).

On October 30, 2009, the loan and mortgage were transferred to Wells Fargo from Ginnie Mae (doc. 79-2).  At that point, the mortgage and loan remained a VA loan but was owned and serviced by Wells Fargo (doc. 48-4, p. 29-30).

The Johns were discharged from bankruptcy on February 10, 2011.  Shortly before the discharge, a dispute arose between the Johns and Wells Fargo as to the status of the mortgage. Wells Fargo foreclosed on the Johns' residence on March 2, 2011 and purchased the property at the foreclosure sale (doc. 79-1, p. 3; doc. 79-4, Foreclosure Deed).  A deficiency balance remained  (doc. 70 at 8).

Later, on April 13, 2011, Wells Fargo conveyed the property to the Secretary of Veterans Affairs (doc. 79-1, p. 3; doc. 79-5, Special Warranty Deed).  There is no evidence that the deficiency balance was assigned to the VA.   VRM, as agent for the Secretary of Veterans Affairs filed an eviction action in the Circuit Court of Baldwin County, Alabama.

The Johns filed a counterclaim against VRM and a third-party complaint against Wells Fargo.  The case was settled and a release agreement was executed on October 10, 2013.  The terms of the settlement required the Johns to vacate the property by November 23, 2013 (doc. 70 at 9)  Also, Wells Fargo and the VA agreed not to collect on the deficiency balance (*See* Exh. 1 to hearing; minute entry dated December 16, 2016).

In late October 2013, the VA conveyed the property back to Wells Fargo (doc. 80-1, Quit Claim Deed).  In January, February and March 2014, Wells Fargo sent a statement to the

---

[2] Wells Fargo cites the Welcome Letter dated November 25, 2006: "As of December 1, 2006, Washington Mutual will transfer the servicing of your mortgage loan to Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. . . ." (Doc. 48, Exhibit 1).

Johns that stated, "Your loan has been referred to foreclosure . . ." and set out a payment summary, balance summary, and year to date summary (doc. 79-6, Exhibit E to the Johns' response).  Wells Fargo sent the final settlement check to the Johns' attorney in April 2014.

In June 2014, the Johns filed their putative class action complaint in this Court against Well Fargo.  The Johns alleged that Wells Fargo is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. and that it violated the provisions in the Act by, *inter alia,* using false and deceptive means to collect the debt.

Wells Fargo filed a motion to dismiss arguing that it was not a "debt collector" and therefore the FDCPA did not apply. Alternatively, Wells Fargo argued that the Johns failed to state a claim under 15 U.S.C. § 1692e(10) or 15 U.S.C. § 1692e(11).  Magistrate Judge William E. Cassady entered a report and recommendation finding that the Johns sufficiently pled that Wells Fargo was a "debt collector" because they alleged that servicing of their loan was transferred from Washington Mutual to Wells Fargo while their loan was "in default or considered to be in default"; and thus, Wells Fargo did not come within the exclusion from "debt collector" identified in 15 U.S.C. § 1692a(6)(F)(iii).  Judge Cassady also found that the Johns sufficiently plead a claim for using false representations or deceptive means to collect the debt. *See* 15 U.S.C. § 1692e(10).  However, Judge Cassady found that the Johns failed to state a claim for Wells Fargo's alleged failure to make certain disclosures in the initial communication and all subsequent communications as required by the FDCPA. *See* 15 U.S.C. § 1692e(11). Judge Cassady recommended dismissal without prejudice as to this claim and noted that the Johns could amend their complaint.

The Court adopted the report and recommendation.[3] Thereafter, the Johns filed their amended complaint to better allege their claim under § 1629e(11) and to add factual allegation in support of their claim that Wells Fargo was a debt collector as defined in the Act. In Count One they allege that Wells Fargo violated § 1692e(2) by failing to comply with the requirement that a debt collector not make certain false representations; violated § 1692e(5) by threatening to take action that cannot legally be taken; violated § 1692e(10) by attempting to obtain information by false or deceptive means; and violated §1592e(11) by failing to comply with the disclosure requirements (doc. 46, p. 5-6). In support, the Johns allege that Wells Fargo sent three "past due payment demands" on January 16, 2014, February 18, 2014, and March 17, 2014. (*Id*.). In Count Two, the Johns move the Court to certify a class action composed of persons who have been subjected to this collection activity by Wells Fargo.

Wells Fargo then filed a motion for judgment on the pleadings. However, before the Court ruled on the motion, the Court of Appeals for the Eleventh Circuit decided *Davidson v. Capital One Bank (USA) NA,* 797 F. 3d 1309 (11th Cir. 2015). In *Davidson* the Court determined that the status of the loan when acquired as either "in default" or "not in default", does not control the decision as to whether a bank was a "debt collector" as that term is defined in the FDCPA. Rather, to be a "debt collector" a bank must either regularly collect or attempt to collect debts owed or due to another or its principal business must be collection of debts. *Id.* at 1314-1316.

This Court converted Wells Fargo's motion for judgment as a matter of law into a motion for summary judgment. The parties were given the opportunity to provide additional

---

[3] This order amends prior determinations to the extent that such determinations were in error in the adopted report and recommendation.

briefing on the issue of whether Wells Fargo was a "debt collector" in view of the decision in *Davidson*. The converted motion for summary judgment and additional briefing are now before the Court.

## II. Conclusions of Law

### A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (Dec. 2010). Wells Fargo, as the party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). In deciding whether Wells Fargo has met its initial burden, the Court must review the record and draw all reasonable inferences therefrom in a light most favorable to the Johns, as the non-moving parties. *See Whatley v. CNA Ins. Co.*, 189 F.3d 1310, 1313 (11th Cir. 1999).

Once Wells Fargo has satisfied this responsibility, the burden shifts to the Johns, as the non-movants, to show the existence of a genuine issue of material fact that would preclude summary judgment. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "In reviewing whether the [Johns have met their] burden, the court must stop short

of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986) ((bracketed text added). However, Wells Fargo would be entitled to summary judgment if the Johns fail "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof.'" *In re Walker*, 48 F. 3d 1161, 1163 (11th Cir. 1995) (quoting *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2552) (bracketed text added). Overall, the court must "resolve all issues of material fact in favor of the [Johns], and then determine the legal question of whether [Wells Fargo] is entitled to judgment as a matter of law under that version of the facts." *McDowell v. Brown*, 392 F.3d 1283, 1288 (11th Cir. 2004) (citing *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003)) (bracketed text added).

However, the mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Secretary of Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (citation omitted).

### B. Analysis

#### 1. The Johns' motion to strike (doc. 53)

The Johns move to strike certain exhibits to Wells Fargo's answer (doc. 53, motion; doc.

48, answer).  Specifically, they move to strike an excerpt from Amber Nichole Ott's deposition taken July 2013 in *BAC, as Servicing Agent v. Johns*, Civil Action No. 11-901339 (Circuit Court of Baldwin County, Alabama) on basis that she inaccurately testified that the due date for the Johns' monthly payment was the 13th day of each month (doc. 48-2, p. 118).  The Johns assert that their due date was the 1st day of each month.

The Johns also move to strike Deposition Exhibit 5, the Proof of Claim that was filed by Washington Mutual in the Johns' bankruptcy, because it is incomplete.  They argue that Exhibit 5 did not include a copy of their note and mortgage. The Johns also move to strike Deposition Exhibit 8, their Payment History, because it was illegible. Overall, the Johns argue that these exhibits should be stricken because they are "incomplete, inaccurate, illegible, and confusing" (doc. 53, p. 4).  In support, the Johns submit a complete copy of the Proof of Claim and a legible copy of the Payment History.  The Johns assert that these are relevant because they show that the payment due date was 1st of each month.

Wells Fargo responds that the Johns have failed to argue the elements of a Rule 12(f) motion to strike – that the exhibits are "redundant, immaterial, impertinent or scandalous matter" (doc. 67, p. 3). Wells Fargo argues that these exhibits are relevant to the issues before the Court and that allowing the exhibits and deposition excerpt will not prejudice the Johns because they again deposed Ott in 2015 and had the opportunity to seek further testimony on any inaccurate or confusing statements in the first deposition in 2013.

Rule 12(f) provides that "[t]he court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matter." *Principal Bank v. First American Mortgage, Inc.*, 2014 WL 1268546, at *1

(M.D. Fla. Mar. 27, 2014) (internal citations, quotation marks, and brackets omitted).

The Johns do not argue that the exhibits are "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  They do assert that the exhibits are "incomplete, inaccurate, illegible and confusing" (doc. 53, p. 4).  However, the Johns' act of placing complete and legible exhibits in the record resolves any perceived incompleteness or illegibility.  And the accuracy of the monthly due date as plead by Wells Fargo is actually a question of fact that is not resolved by striking exhibits that do not comport with the Johns' version of the facts.  Also, the Johns do not offer any argument as to how the exhibits they seek to strike are confusing, but instead argue that the exhibits do not support their position that the monthly due date was the 1st of the month.

Generally, the "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Principal Bank*, 2014 WL 1268546 at *1.  After consideration of the parties' arguments, the Court is unable to find that the excerpts from Ott's deposition and Deposition Exhibits 8 and 5 are unrelated to the controversy, confusing, or prejudicial to the Johns.  Accordingly, the motion to strike is DENIED. *Principal Bank*, 2014 WL 1268546 at *1 ("Because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted.").

**2. The Johns' objection and motion to exclude evidence (doc. 81)**

The Johns argue that certain arguments and evidence are not properly before the Court because they were offered for the first time in Wells Fargo's reply.  For the reasons set forth herein, the objection is OVERRULED and the motion to exclude is DENIED.

In the summary judgment brief, Wells Fargo states that it was "undisputed" that it "owned the debt at the time it allegedly sent collection letters to the Johnses in early 2014" and therefore, it was not collecting a debt due to another (doc. 78, p. 7).  Wells Fargo also argues that the Johns failed to present evidence on an essential element of their FDCPA claim; that Wells Fargo did not own the loan (*Id.* at 7-8).

In response, the Johns assert that Wells Fargo offered no evidence that it did own the loan in early 2014.  In support, the Johns point out that in July 2013, Ott, Wells Fargo's 30(b)(6) representative, testified that when Wells Fargo conveyed the property to the VA in April 2011, the loan was transferred back to Ginnie Mae. The Johns assert that at that point, Wells Fargo no longer owned the debt and therefore, was servicing the debt of another (doc. 79, p. 3-4, 8-9). They argue that "[t]here is at least a factual question here regarding the ownership of the debt at issue when the subject collection action was taken" in early 2014 (doc. 79, p. 8).

In reply, Wells Fargo argues that it regained ownership of the property in October 2013, and continued to own the property in 2014. In support, Wells Fargo provides a copy of the Quit Claim Deed from the VA to Wells Fargo (doc. 80; doc. 80-1, Exhibit A).  Wells Fargo also argues that Ott's July 2013 testimony failed to establish that it did not own the loan in January 2014, pointing out that the VA transferred the property back to Wells Fargo in October 2013, two months after the deposition.  Wells Fargo also offers Ott's June 1, 2015 deposition testimony as further evidence that it owned the loan (doc. 80-1, Exhibit B, Deposition page 53 - "I'm not sure why we made the business decision to purchase the loan").

The Johns object to Wells Fargo's evidentiary support for it's argument in the reply that it owned the loan when the alleged collection letters were sent in 2014 and move the Court to exclude this evidence, *i.e.*, the Quitclaim Deed, because it was not produced in discovery.  The

Johns also argue that the Court should not allow new evidence or argument submitted with a reply because it is too late for them to respond (doc. 81).

Wells Fargo responds that the Quitclaim Deed was submitted to rebut the argument that it presented no evidence that it owned the loan and mortgage at the time the three statements were sent, and was not a new argument raised for the first time in a reply.  Wells Fargo also argues that since the Johns carry the burden of proof, it was their obligation to provide evidence that Wells Fargo did not own the loan (doc. 82).

The issue of ownership became more relevant after the decision in *Davidson*.  Prior to that time, the default status of the loan at time of acquisition was given controlling weight.  Thus, the parties' initial briefing focused on the default status of the loan.  Although Wells Fargo did not produce the Quitclaim Deed, it did admit, as requested by the Johns, that it owned and serviced the loan and mortgage (doc. 82-1, Wells Fargo's response to Plaintiffs' First Request for Admissions, dated April 10, 2015, at ¶ 4: "Wells Fargo admits that it was the owner and servicer of the subject debt owed by Plaintiffs.").  Discovery did not close until September 1, 2015 (doc. 33) and the Johns could have sought production of the evidence Wells Fargo relied on to show proof of ownership of the debt.  The Court finds no merit to the request to strike rebuttal evidence.

The Johns also argue that Wells Fargo presented Ott's June 1, 2015 testimony "out of context" and assert that on page 53 of her deposition, she was "answering a question about the October 30, 2009, transfer of the loan to Wells Fargo", and not about a second transfer in October 2013.  The Johns cite to deposition pages 28 and 29, where Ott does testify about obtaining ownership of the loan on October 30, 2009 from Ginnie Mae, and then cite to page 53, as if Ott continues to testify about the same transaction (doc. 81-1, Exhibit A).  From this,

the Johns argue that Ott's testimony is not evidence that Wells Fargo owned the loan in 2014 (doc. 81, p. 2)

The Court agrees that Ott testified about the October 30, 2009 purchase at pages 28 and 29,[4] but the Court is without any information as to the testimony given on pages 30 to 52, such that the Court cannot determine whether the testimony on page 53 was also about the October 30, 2009 purchase rather than any reacquisition of the loan in October 2013 (doc. 80-2, p. 2). Thus, because the evidence is inconclusive, the objection is MOOT.

The Johns also argue that Wells Fargo violated S.D. Ala. CivLR 56(a) by not obtaining leave of court before filing evidence, the Quitclaim Deed, with its reply. They assert that the Rule requires that all evidence must be submitted with the motion for summary judgment, and therefore, by submitting the Quitclaim Deed with the reply without court order of approval, Wells Fargo has violated the Rule, and the evidence should be excluded. The Rule states in relevant part as follows:

> (a) Movant's Supporting Materials. The movant must file a brief that includes: (1) all facts relied upon, each supported by a specific, pinpoint citation to the record; and (2) argument supported by legal authority as appropriate. The movant must also file all evidence relied upon. . . . No other supporting documents may be filed absent Court order.

Civil L.R. 56(a). The Johns rely upon the last sentence – "No other supporting documents may be filed absent Court order" (*Id*.).

This is a strained interpretation of the Local Rule, which would functionally impair the

---

[4] "Q. - - does [the Milestone] indicate when Wells Fargo obtained ownership of the loan" . . . A. That was on October 30th, 2009" (doc. 81-1, p. 3) (bracketed text added). The Milestone is a list of transfers of the servicing of the Johns' loan and the ownership up to March 1, 2011, the foreclosure (doc. 79-2, Exhibit 11 to Ott's July 2013 deposition; "Transfer Beneficial Rights" from Ginnie Mae to Wells Fargo).

purpose of a reply – to rebut the response. Moreover, the Court has allowed evidence with a reply brief where the evidence was in rebuttal to the response and not in support of a new ground for relief. *Alkhatib v. Steadman*, 2011 WL 5553775, *6 (S.D. Ala. Nov. 15, 2011) ("As a matter of course, the Court will accept and consider evidentiary materials submitted in support of a movant's reply arguments where, as here, those arguments and supporting materials are related and responsive to the non-movant's opposition brief and do not support new grounds for relief.").  Accordingly, the Court finds no merit to this argument.

### 3. Wells Fargo's motion for summary judgment

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  The FDCPA prohibits a "debt collector" from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

To succeed on an FDCPA claim, the Johns must prove (1) that they have been the object of collection activity arising from a consumer debt; (2) that Wells Fargo is a debt collector as defined by the FDCPA; and (3) that Wells Fargo has engaged in an act or omission prohibited by the FDCPA. *Alvarado v. Credit Protection Ass'n, L.P.*, 2015 WL 1815863, at *3 (M.D. Fla. Apr. 22, 2015); *See Reese v. Ellis, Painter, Ratterre & Adams, LLC*, 678 F.3d 1211, 1216 (11th Cir. 2012).

In relevant part, the FDCPA defines "debt collector" as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

### A. <u>Whether Wells Fargo's principal purpose is debt collection</u>

Addressing the first definition, Wells Fargo argues that it is not a "debt collector" because its principal business purpose is not debt collection.   Wells Fargo argues that it performs a number of other services – banking, insurance, investment, mortgage, and consumer and commercial finance.  Wells Fargo also argues that loan servicing encompasses more than debt collection and includes activities such as handling incoming payments and outgoing disbursements, maintaining the notes, maintaining the records, communications with the borrowers, and handling modification requests. In support, Wells Fargo provides the July 31, 2015 Form 110-Q, S.E.C. filing to show that its principal business purpose is not debt collection.

The Johns did not respond to this argument.[5] Despite this, the Court must still determine whether summary judgment could be granted as to the first part of the definition.  Since Wells Fargo has presented sufficient evidence to show that there is no genuine issue of fact that the collection of debts is not the principal purpose of its business, the Court finds that Wells Fargo does not come within the first definition of "debt collector" in the FDCPA. *See Davidson*, 797 F. 3d at 1317("The amended complaint provides a basis from which we can plausibly infer that *some* part of Capital One's business is debt collection, but it fails to provide any basis from which we could plausibly infer that the 'principal purpose' of Capital One's business is debt collection.") (Italics in original); *see also Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204,

---

[5] The Johns appear to rely solely on the second definition of debt collector. Doc. 79 at 8 ("Wells Fargo is a debt collector because it regularly collects debts of another….")

1208-09 (9th Cir. 2013) (dismissing the FDCPA claim because the plaintiffs alleged facts sufficient to establish that debt collection is some part of Wells Fargo's business but not that it was principal purpose).

### B. Whether Wells Fargo regularly collects debts owed or due to another

The Johns argue that Wells Fargo comes within the second definition because it operates a mortgage loan servicing business and regularly collects the debts of others. Relying upon the Wells Fargo Annual Report, the Johns argue that the majority of loans that Wells Fargo services were serviced for other entities and that only a small percent was composed of loans owned by Wells Fargo. From the Johns' evidence, a reasonable inference can be raised that regularly collecting debts owed to others is at least some part of Wells Fargo's regular activity of loan servicing.[6]

### C. Whether Wells Fargo debt collection activity is excluded

However, the inquiry does not end with the determination that Wells Fargo regularly collects debts owed to others, as there are six situations in which an entity that regularly collects debt of another will not be considered to be a debt collector. The most applicable appears to be 15 U.S.C. § 1692a(6)(A): when a creditor is collecting its own debt.[7]

---

[6] At least one other court has found that Wells Fargo is subject to the FDCPA because it regularly collects debts of another. *See Oppong v. First Union Mortg. Corp.*, 215 Fed.Appx. 114, 119 (3rd Cir. 2007) (finding that "the District Court was correct to conclude that Wells Fargo is a debt collector under the FDCPA because it 'regularly' collects debts owed to another", even though the proportion of mortgage debt collection was small in comparison to Wells Fargo's other business purposes).

[7] The term "creditor" is defined to exclude an entity "to whom a debt is owed", but who received the debt while it was in default, "solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692(4)  The Johns have not alleged that transfer of the debt to Wells Fargo was for the sole purpose of Wells Fargo collecting the debt for another. Instead, the Johns argue only that the debt was in default when it was transferred.

Wells Fargo argues that it is entitled to summary judgment because there is no dispute of fact that it owned the loan at the time it is alleged to have sent the alleged collection letters to the Johns in early 2014, and therefore, was not collecting a loan or debt due to another.

The Johns respond that summary judgment should be denied because there is a dispute of fact as to whether Wells Fargo owned the loan at that time. The Johns argue that based upon the July 2013 deposition testimony of Wells Fargo's corporate representative Ott, the loan was transferred to the VA by Special Warranty Deed in 2011, and therefore, despite Wells Fargo's unsupported allegations that it owns the debt, it was actually servicing the loan for the VA and Ginnie Mae at the time it sent the alleged collection letters in 2014.

In reply, Wells Fargo provides a copy of a Quitclaim Deed dated October 2013, whereby the VA conveyed the Johns' property back to Wells Fargo.  However, as fleshed out at the hearing, who owns the property is not the issue.  The issue is who owns the debt.

Under Alabama law, once a property is foreclosed the mortgage is extinguished, on the date of the foreclosure sale, to the amount of the purchase price. *Davis v. Huntsville Prod. Credit Ass'n*, 481 So.2d 1103, 1105-1106 (Ala. 1985).  Thus, the only debt that remained as of March 2, 2011, was an unsecured deficiency balance.  This deficiency balance would not travel with the previous collateral (the property) because a deficiency balance by definition is unsecured.

There is no evidence in the record that Wells Fargo ever assigned the deficiency balance. Although Ott stated the loan and property were transferred to Ginnie Mae in April 2011, this is insufficient to sustain the Johns' burden to show that the deficiency balance was assigned to Ginnie Mae and not owned by Wells Fargo.

Thus, because Wells Fargo owned the debt and was collecting its own debt, it is exempt

as a "creditor" under 15 U.S.C. § 1692a(6)(A). *Jenkins v. Sec. Sav. Bank of Michigan*, 28 F.3d 113, *4 (10th Cir. 1994) ("The Bank Defendant and its officers and employees are clearly exempted from the terms of the Act as, respectively, a creditor and officers and employees of the creditor collecting a debt in the name of the creditor. 15 U.S.C. § 1692a(6)(A).") (unpublished opinion); *Gowing v. Royal Bank of Canada,* 100 F.3d 962, *1 (9th Cir. 1996) ("The Act exempts from its definition of debt collectors, "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). Because Royal Bank was collecting a debt on its own behalf, it was not a debt collector for the purposes of the FDCPA, even though in this instance it was an assignee of the original creditor.") (unpublished opinion).

### III. Conclusion.

Upon consideration, and for the reasons set forth herein, the Court finds that Defendant Wells Fargo is entitled to judgment as a matter of law as to the Johns' claims. See McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004) (having resolved all issues of material fact in favor of the non-movant, the court must "then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts.") (citation omitted).  Accordingly, Wells Fargo's motion for summary judgment is GRANTED.

Judgment shall be entered by separate document as provided in Rule 58 of the Federal Rules of Civil Procedure.

DONE and ORDERED this the 17th day of December 2015.

                                              s/ Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE